DAVID F. McPHERSON, ESQ. (Bar No. 175171)
dmcpherson@watttieder.com
WATT, TIEDER, HOFFAR & FITZGERALD, L.L.P.
2040 Main Street, Suite 300
Irvine, California 92614
Telephone: 949-852-6700
Facsimile: 949-261-0771

Attorneys for Plaintiff
KIEWIT POWER CONSTRUCTORS CO.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIEWIT POWER CONSTRUCTORS CO., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF LOS ANGELES, acting by and through the DEPARTMENT OF WATER AND POWER,<br><br>Defendant. | CASE NO. 2:16-cv-2590<br><br>Assigned for All Purposes to the Honorable:<br><br>**COMPLAINT FOR:**<br><br>**(1) BREACH OF CONTRACT**<br>**(2) BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING** |

## COMPLAINT

Plaintiff, Kiewit Power Constructors Co. ("KPCC"), through its undersigned counsel, hereby files this Complaint and moves this Court for judgment against Defendant, the City of Los Angeles, acting by and through the Department of Water and Power ("LADWP"), on the following grounds:

///

///

///

## NATURE OF ACTION

1. This is an action for damages resulting from LADWP's breach of its contractual obligations to pay KPCC for costs incurred as the result of delays and extra work performed under an executed contract between KPCC and LADWP for a project known as the Scattergood Unit 3 Repowering Project ("Project").

2. As a result of major equipment delivery delays and defects in deliveries by LADWP and its other contractor (the "OEM Contractor"), KPCC incurred significant additional costs and was required to perform extra work and to re-sequence and accelerate the Project schedule at the direction of LADWP.

3. Without any contractual or legal basis, and although LADWP has readily acknowledged the effort and actions that KPCC took to minimize impacts from the OEM Contractor's delays and disruptions to the Project schedule, LADWP has failed and refused to pay KPCC the costs it incurred as a result of delays caused by LADWP and the OEM Contractor, as well as costs incurred as a result of LADWP's direction to accelerate and re-sequence KPCC's work on the Project.

4. As a direct and proximate result of LADWP's actions, KPCC has been damaged in an amount of approximately $49,000,000, the precise amount to be proven at trial.

## PARTIES

5. KPCC is, and was at all times mentioned herein, a corporation duly organized and existing under the laws of the State of Delaware, with its principal place of business located in the State of Kansas. KPCC is and was, at all times mentioned herein, licensed to do business in the State of California.

6. Upon information and belief, Defendant LADWP is, and at all times mentioned herein was, a public entity duly organized and existing under and by virtue of the laws of the State of California, with its principal place of business located in the City of Los Angeles, State of California.

## JURISDICTION AND VENUE

**7.** The jurisdiction of this Court is based upon the provisions of 28 U.S.C. §1332 in that the amount in controversy exceeds $75,000.00 exclusive of interest and costs and diversity exists among the parties because this is a civil action, and the parties are citizens of different states.

8. Venue is appropriate in the United States District Court for the Central District of California. The causes of action alleged herein arose in the County of Los Angeles, State of California. The contract that is the subject of this action was performed in Los Angeles, California. Moreover, the contract between LADWP and KPCC for the Project provides for venue in the County of Los Angeles, State of California.

## FACTUAL BACKGROUND

9. On or about April 26, 2013, LADWP entered into a written contract (the "Agreement") with KPCC, whereby KPCC would engineer, procure, and construct a project known as the Scattergood Unit 3 Repowering Project ("Project"). The total Agreement amount was $440,755,433.00. A true and correct copy of the Agreement is attached hereto as Exhibit "A" and is incorporated herein by reference.

10. The Project included the design and construction of a Combined Cycle Plant, which are power generating units that utilize a Heat Recovery Steam Generator ("HRSG") to capture the exhaust heat from the Combustion Turbine to produce additional power generation. The Combined Cycle Plant is identified as Scattergood Units 4 and 5.

11. The Project also included the design and construction of simple cycle or "peaking" units, which include a combustion turbine, but no HRSG. The Simple Cycle Units are identified as Scattergood Units 6 and 7. The Simple Cycle Units are designed as "peaking" units and are designed to ramp up quickly in response to increased power demand during times of peak electrical usage.

1  12. Upon information and belief, LADWP entered into a separate written contract with General Electric (the "OEM Contractor") to provide certain necessary equipment for the Project. For the Combined Cycle Plant, the OEM Contractor provided the Combustion Turbine Generator ("CTG"), the Steam Turbine Generator ("STG"), bypass valves, the Plant Distributed Control System ("DCS") and the HRSGs for the Project. For the Simple Cycle Plant, the OEM Contractor provided the Combustion Turbine Generators, the Plant DCS and a Selective Catalytic Reduction ("SCR") System on each Unit for control of air emissions. KPCC was not a party to the contract(s) entered into between LADWP and the OEM Contractor for the Project.

13. KPCC's scope of work under the Agreement with LADWP included the design of the Combined and Simple Cycle Plants, the procurement and installation of the Balance of Plant equipment, construction, and the installation of the equipment provided by the OEM Contractor pursuant to its contract(s) with LADWP, including the HRSGs.

14. The Agreement between KPCC and the LADWP provided that "[t]he duration of the overall project schedule shall not be more than 36 months from the Notice to Proceed ("NTP") date but no later than December 31, 2015, whichever comes first, in accordance with the Milestone Schedule." Agreement Art. 2.2.A.

15. The Project Schedule was planned around the delivery of the ten HRSG modules by the OEM Contractor. According to the Agreement between KPCC and LADWP, the delivery date for all ten HRSG modules by the OEM Contractor was May 12, 2014.

16. KPCC received Notice to Proceed and commenced work on the Project on or about April 26, 2013.

17. KPCC performed a significant amount of work in preparation for the installation of the HRSG modules that were to be delivered by the OEM Contractor on May 12, 2014, including but not limited to: (1) clearing the area; (2) installing

1 underground duct banks and piping; (3), installing foundations; and (4) installing/grouting the base plates for the HRSG modules. Additionally, KPCC created a temporary heavy haul road on the north side of the Project to facilitate the transport of the HRSG modules through the tightly situated site. KPCC also constructed a crane pad on the south side of the HRSG for the two large cranes required to set the HRSG modules.

18. All of the above work by KPCC was complete as of April 25, 2014, and KPCC had the two large cranes in place and ready to commence setting the HRSG modules upon their delivery to the Project site, which was scheduled for May 12, 2014.

19. Upon information and belief, the HRSG modules were fabricated in Korea and left Korea via cargo ship on March 15, 2014. On or about April 21, 2014, a severe storm hit the cargo ship and damaged the modules. Additionally, the base of the stack was lost at sea. The cargo ship stopped in Hawaii to assess the damage and secure the load. All of the HRSG modules incurred some damage while in transit. The cargo ship reached the port of Long Beach by May 12, 2014 where the modules were assessed and KPCC began repair work on the modules at LADWP's direction.

20. At LADWP's direction, KPCC repaired eight HRSG Modules identified as 1A, 1B, 2A, 2B, 3A, 3B, 4A and 4B. Two HRSG Modules, 5A and 5B, had irreparable damage and could not be fully repaired. At LADWP's direction, KPCC repaired the Module 5A and 5B frames. However, the Module 5A and 5B Harps, which are the heating surface of the HRSG and consist of rows of tubes welded between a bottom and top header, were required to be refabricated in Korea, resulting in further delay to the Project.

21. The as-planned Project schedule showed all of the HRSG modules being set or installed at the Project by May 22, 2014. As a result of the delays by the OEM Contractor, the Harps were not set until November 14, 2014.

22. In addition, subsequent deliveries by the OEM Contractor were also delayed, including the delivery of the Steam Turbine Generator and Unit 6 Combustion Turbine. The Agreement's Appendix B Milestone Schedule provided that the OEM Contractor would deliver the Steam Turbine Generator by September 30, 2014 and the Unit 6 Combustion Turbine by November 5, 2014. The OEM Contractor failed to meet these and other delivery deadlines, and the deliveries of Major Components were delayed, including the HRSG Stack sections, Steam Turbine Generator, and the Unit 6 Combustion Turbine.

23. In order to mitigate the consequences of late and defective deliveries by the OEM Contractor, LADWP directed KPCC to re-sequence and accelerate its work to meet the Project schedule. In May 2014, LADWP advised KPCC that it must meet the December 31, 2015 date set forth in Article 2.2A, as LADWP's environmental permits for Unit 3 were expiring on that date and this existing Unit could not operate past that date. LADWP further advised that the replacement units were required to be on line before the existing generating units could be removed from service.

24. Through a significant acceleration effort, KPCC was able to overcome the delays and changes to work caused by LADWP and the OEM Contractor, and complete the Project as directed by LADWP. KPCC achieved Substantial Completion of the Combined Cycle Units 4 & 5 on December 27, 2015. KPCC achieved Substantial Completion of Unit 6 on September 30, 2015 and Substantial Completion of Unit 7 on October 27, 2015.

25. LADWP also continued to order Changes to KPCC's Work after the completion dates set forth in the Agreement, which further extended KPCC's presence on the Site and delayed Final Completion.

26. On or about July 6, 2015, KPCC submitted a claim to LADWP for additional costs incurred as the result of delays and extra work caused by LADWP and the OEM Contractor. Although LADWP subsequently acknowledged the

effort and actions that KPCC took to minimize impacts from the OEM Contractor's delays and disruptions to the Project schedule, to date, LADWP has failed to pay KPCC for the additional costs incurred as a result of delays and extra work caused by LADWP and the OEM Contractor.

27. On or about November 5, 2015, KPCC submitted a Government Code claim against the City of Los Angeles pursuant to California Government Code §900 *et. seq*. The City of Los Angeles rejected KPCC's claim in writing on December 22, 2015.

28. The Agreement between KPCC and LADWP contains several key provisions that are relevant to KPCC's delay claim and require LADWP to compensate KPCC for the additional costs it incurred as a result of delays caused by LADWP and/or the OEM Contractor. Under Section 3.15(B) of the Agreement, KPCC is entitled to a time extension if a written request is timely made and the delay is: (1) solely caused by LADWP; (2) deemed an "Excusable Delay;" or (3) beyond the control and without the fault or negligence of KPCC.

29. Pursuant to Section 3.15(D) of the Agreement, if the delay is caused solely by LADWP or its other contractors and KPCC sustains a loss that could not have been reasonably avoided, KPCC is also entitled to "fair and reasonable compensation" for KPCC's actual loss on the Project.

30. Pursuant to Section 3.16 of the Agreement, KPCC is entitled to a Change Order where LADWP orders KPCC to perform extra work, furnish extra material or equipment, or to make changes altering, adding to, or deducting from the work in accordance with Appendix A. Such Change Order shall state the extra work or change and grant any required adjustments of agreement price and of time of completion.

31. The Agreement specifically contemplates potential delays caused by the untimely delivery of equipment that LADWP procures through its separate OEM contractors. Division B1 of Appendix B is entitled "Milestone Schedule,"

and provides:

> BOP Contractor's Project Schedule relies on the OEM Contractor Guaranteed Delivery Dates outlined in Appendix E in Agreement No. 47167-3 Appendix B Milestone Schedule. **Any delay in the OEM Contractor actual delivery dates past the Guaranteed Delivery Dates will be an Excusable Delay under Section 3.15** and a time extension equal to OEM Contractor's number of days delay in Major Components delivery will be granted. The Units 4 and 5 Substantial Completion date shall be allowed an extension of up to 30 days before BOP Contractor is entitled to payment from LADWP for the delay. (emphasis added).

32. As a result of LADWP's refusal to compensate KPCC for delays caused by the OEM Contractor, despite its contractual obligation to do so, KPCC has incurred damages in an amount of approximately $49,000,000, the precise amount to be proven at trial.

## COUNT I
## BREACH OF CONTRACT

33. KPCC hereby repeats and realleges the allegations contained in the above Paragraphs 1 through 32 of this Complaint.

34. KPCC's Agreement with LADWP constitutes a binding and enforceable agreement between KPCC and LADWP.

35. Under and in furtherance of the Agreement, KPCC agreed to undertake certain obligations to LADWP in exchange for valid consideration.

36. KPCC duly performed all of the acts, services, covenants and/or conditions required under the Agreement except those that were waived, prevented and/or excused.

37. By its acts and omissions, including, but not limited to those referenced in the above paragraphs of this Complaint, LADWP breached its Agreement with KPCC in numerous ways, including, but not limited to, the following:

    a. Failing and refusing to fully pay KPCC all amounts owed to KPCC under the Agreement;

    b. Interfering with, disrupting, and hindering KPCC's prosecution of work on the Project;

    c. Failing to coordinate and prevent interferences with KPCC's work by other LADWP Contractors;

    d. Issuing Contract Documents that were misleading, incomplete, inaccurate and/or defective;

    e. Failing to timely and sufficiently administer the Project;

    f. Requiring labor, services, equipment, and materials other than those prescribed by the Agreement without proper compensation;

    g. Accelerating and re-sequencing KPCC's work without appropriate compensation;

    h. Failing to grant a time extension to KPCC for delays there were: (1) solely caused by LADWP; (2) deemed an "Excusable Delay;" or (3) beyond the control and without the fault or negligence of KPCC;

    i. Failing to timely and properly supply certain equipment and materials; and

    j. Failing to timely pay KPCC in accordance with the Agreement and wrongfully withholding payment in violation of the California Public Contract Code Section 7107.

38. LADWP's failures to perform its obligations as required by the terms of the Agreement constitute a material breach of contract.

39. LADWP also continues to issue Changes to the Work after the

1   Completion Dates set forth in the Agreement, which has caused delays to Final
2   Completion.

3       40.    As a direct and proximate result of LADWP's breach of the
4   Agreement, KPCC has suffered, and continues to suffer, damages in an amount of
5   approximately $49,000,000, the precise amount to be proven at trial, independent of
6   interest and costs.

7       41.    Any and all applicable and enforceable conditions precedent under the
8   Agreement and applicable law to bringing the claims set forth herein and
9   commencing this action have occurred or been performed.

10       WHEREFORE, KPCC prays for relief as set forth below.

## COUNT II

## BREACH OF IMPLIED COVENANT
## OF GOOD FAITH AND FAIR DEALING

14       42.    KPCC hereby repeats and realleges the allegations contained in the
15   above Paragraphs 1 through 41 of this Complaint.

16       43.    The Agreement between KPCC and LADWP contains certain express
17   and implied terms, covenants and conditions, and includes, among other things, an
18   implied covenant and duty of good faith and fair dealing, pursuant to California
19   law, that neither party to the Agreement will act in any manner or in any way to
20   hinder the performance of the other, and that neither party will engage in any
21   conduct which will injure, or tend to injure, the right of the other party to receive
22   the benefits of the Agreement.

23       44.    LADWP breached these implied covenants by failing to cooperate,
24   hindering KPCC's performance, failing to negotiate in good faith, and breaching
25   the implied duty of good faith and fair dealing, through acts and omissions
26   including but not limited to:

27       a.    Failing and refusing to fully pay KPCC all amounts owed to KPCC
28   under the Agreement;

     b.    Interfering with, disrupting, and hindering KPCC's prosecution of work on the Project;

     c.    Failing to coordinate and prevent interferences with KPCC's work by other LADWP Contractors;

     d.    Issuing Contract Documents that were misleading, incomplete, inaccurate and/or defective;

     e.    Failing to timely and sufficiently administer the Project;

     f.    Requiring labor, services, equipment, and materials other than those prescribed by the Agreement without proper compensation;

     g.    Accelerating and re-sequencing KPCC's work without appropriate compensation;

     h.    Failing to grant a time extension to KPCC for delays there were: (1) solely caused by LADWP; (2) deemed an "Excusable Delay;" or (3) beyond the control and without the fault or negligence of KPCC;

     i.    Failing to timely and properly supply certain equipment and materials; and

     j.    Failing to timely pay KPCC in accordance with the Agreement and wrongfully withholding payment in violation of the California Public Contract Code Section 7107.

45. LADWP also continues to issue Changes to the Work after the Completion Dates set forth in the Agreement, which has caused delays to Final Completion.

46. As a direct and proximate result of LADWP's breaches of the implied covenant of good faith and fair dealing, KPCC has suffered and continues to suffer damages in an amount of approximately $49,000,000, the exact amount to be determined and proven at trial.

WHEREFORE, KPCC prays for relief as set forth below.

///

## **PRAYER FOR RELIEF**

WHEREFORE, KPCC prays for relief as follows:

On the First Cause of Action:

1. For damages in an amount of approximately $49,000,000.00 according to proof at trial;

2. For prejudgment interest thereon at the legal rate;

3. For costs of suit herein;

4. For attorneys' fees and interest pursuant to California Public Contract Code Section 7107; and

5. For such other and further relief deemed necessary and proper by the Court.

On the Second Cause of Action:

1. For damages in an amount according to proof, but not less than $49,000,000;

2. For prejudgment interest thereon at the legal rate;

3. For costs of suit herein;

4. For attorneys' fees and interest pursuant to California Public Contract Code Section 7107; and

5. For such other and further relief deemed necessary and proper by the Court.

Dated: April 14, 2016                    WATT, TIEDER, HOFFAR
                                         & FITZGERALD, L.L.P.


                                         By: s/David F. McPherson
                                         _____
                                             David F. McPherson
                                             Attorneys for Plaintiff
                                             KIEWIT POWER CONSTRUCTORS
                                             CO.