David F. McPherson, Bar No. 175171
dmcpherson@watttieder.com
Shelly L. Ewald, Bar No. 31732
sewald@watttieder.com
Eric M. Liberman, Bar No. 84119
eliberman@watttieder.com
Watt, Tieder, Hoffar & Fitzgerald, L.L.P.
2040 Main Street, Suite 300
Irvine, CA 92614
Telephone: 949-852-6700
Facsimile: 949-261-0771

Attorneys for Plaintiff and Cross-Defendant,
KIEWIT POWER CONSTRUCTORS CO.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIEWIT POWER CONSTRUCTORS CO., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF LOS ANGELES, acting by and through the DEPARTMENT OF WATER AND POWER,<br><br>Defendant.<br><br>AND RELATED CROSS-ACTIONS. | Case No. 2:16-cv-02590-AB-GJS<br><br>Assigned for All Purposes to the Honorable: Andre Birotte Jr.<br><br>Crtm: 4<br><br>**WITNESS LIST WITH SUMMARY OF TESTIMONY AND ANTICIPATED LENGTH OF TESTIMONY**<br><br>Complaint Filed: April 14, 2016<br>Trial: May 8, 2018 |

**FACT WITNESSES:**

1. **Matt Scott**: Mr. Scott will testify regarding the organization and business of Kiewit Constructors, Kiewit's bid for the Project, the contract award to Kiewit, Kiewit's July 2013 Baseline Schedule and Baseline Schedule Narrative for the Project. Mr. Scott will also testify regarding the Partnering meetings through December 2014, Kiewit's schedule and financial status prior to the HRSG delay,

WATT, TIEDER,
HOFFAR &
FITZGERALD, L.L.P.
ATTORNEYS AT LAW

WITNESS LIST WITH SUMMARY OF TESTIMONY
AND ANTICIPATED LENGTH OF TESTIMONY
2:16-CV-02590-AB-GJS

the facts and circumstances surrounding the HRSG delay, the schedule impacts as evaluated by Kiewit, and the meetings between LADWP and Kiewit in 2014 regarding the delays.

The anticipated duration of Mr. Scott's direct testimony is 3.0 hours.

2. **Daniel P. Rocole**: Mr. Rocole will testify regarding Kiewit's construction plan for the Project and Kiewit's construction progress as of May 2014. Mr. Rocole will testify that the LADWP/GE HRSG delays would have extended the Project Schedule beyond LADWP's deadline for the Project, but for Kiewit's re-sequencing and acceleration efforts. Mr. Rocole will testify as to LADWP's directives to accelerate and re-sequence the work to address the HRSG delays and the impact of other late deliveries by GE, and delays during start up due to GE supplied equipment. Mr. Rocole will testify to Kiewit's efforts to comply with LADWP's acceleration directive, including the altered work sequence due to the HRSG delay, leave out work and out of sequence work, and Kiewit's successful acceleration of the construction to complete by December 31, 2015. Mr. Rocole will also testify to the cost and schedule impacts of this additional work to overcome these delays. Mr. Rocole will also testify regarding the claim letters submitted to DWP regarding the acceleration claim.

In accordance with Kiewit's Rule 26(a)(2)(C) disclosures, Mr. Rocole will also provide testimony in support of Mr. Pattillo's schedule analysis, regarding Kiewit's plan and performance of the work, including acceleration of particular work at the Project. Mr. Rocole will also provide testimony in support of Mr. Schwartzkopf's damages analysis, including but not limited to, the Measured/Mile and Comparable Project analysis, including the Comparable Projects selected, the analysis performed and the data collection and summarization. Mr. Rocole will also testify regarding Kiewit's cost reporting system and changes to the Kiewit Power cost reporting system. With regard to Kiewit's Measured Mile/Comparable Project analysis, Mr. Rocole will opine regarding the impacts and effects of the

delay and acceleration upon Kiewit's increased costs of performance and the propriety of the comparable projects selected for analysis. Mr. Rocole may provide testimony regarding cost reports, job cost accounting issues, and changes made to the Comparable Project cost report data to conform to the Scattergood job cost.

**Potential Rebuttal Testimony**:

In accordance with Kiewit's Rule 26(a)(2)(C) disclosures, Mr. Rocole may testify in rebuttal to the Exponent Engineering and Scientific Consulting ("Exponent") Reports entitled:

(1) Corrosion and Coating Failures at the Scattergood Generating Station ("Corrosion Report") to address specific allegations regarding valve coatings and the extent to which LADWP's operation of the Pre-humidification System contributed water to the environment at the Plant.

(2) Engineering Investigation into Mechanical Issues of the Air Cooled Condenser in the Scattergood Generation Station ("ACC Report") to address the Change Order that added the Pre-humidification system and the limited purpose of the system.

In accordance with Kiewit's Rule 26(a)(2)(C) disclosures, Mr. Rocole is expected to testify in response and rebuttal to the Expert Report on Damages prepared by Delta. Delta commented on the July 2015 claim and Mr. Rocole's testimony would rebut Delta's allegations regarding the Cost Report, revisions to the Cost Report, the use of Contingency, and the Construction Staff Costs.

The anticipated duration of Mr. Rocole's testimony will be 7 hours and his rebuttal testimony will be 2 hours.

3. **Keenan Blunt**: Mr. Blunt will testify regarding Kiewit's prior power experience, meetings with LADWP regarding the HRSG delay and partnering meetings where the HRSG delay claim was addressed. Mr. Blunt will also testify regarding the HRSG delay claim and the numerous meetings held with Mr. Ting

WATT, TIEDER,
HOFFAR &
FITZGERALD, L.L.P.
ATTORNEYS AT LAW

- 3 -

WITNESS LIST WITH SUMMARY OF TESTIMONY AND
ANTICIPATED LENGTH OF TESTIMONY
2:16-CV-02590-AB-GJS

and Mr. Dong to discuss and reach agreement upon the methodology requested by LADWP for quantifying the impacts of the HRSG delay and resulting acceleration. Mr. Blunt will testify regarding the claim submitted by Kiewit on July 6, 2015, including all of the circumstances leading to the claim submission.

In accordance with Kiewit's Rule 26(a)(2)(C) disclosures, Mr. Blunt will provide testimony in support of Kiewit's Measured Mile/Comparable Project analysis, including the Comparable Projects and the data collection and summarization. Mr. Blunt will opine regarding the impacts and effects of the delay and acceleration upon Kiewit's increased costs of performance and the propriety of the comparable projects selected for the analysis. Mr. Blunt's testimony on this subject will not be cumulative of Mr. Rocole's testimony.

**Potential Rebuttal Testimony:** In accordance with Kiewit's Rule 26(a)(2)(C) disclosures, Mr. Blunt is expected to testify in response and rebuttal to the Expert Report on Damages prepared by Delta Consulting Group ("Delta") regarding Kiewit's July 2015 claim. Mr. Blunt's testimony would rebut Delta's allegations regarding the Cost Report, changes in the Cost Report, Cost Codes in Delta's various forecasts, revisions in the Cost Report, the use of Contingency, and the Construction Staff Costs. Mr. Blunt's testimony on this subject will not be cumulative of Mr. Rocole's testimony.

The anticipated duration of Mr. Blunt's testimony will be 4.0 hours. The anticipated duration of Mr. Blunt's rebuttal testimony will be 2 hours.

4. **Matthew Thomas**: In accordance with Kiewit's Rule 26(a)(2)(C) disclosures, Matthew Thomas will be called upon to testify in support of Kiewit's Measured Mile/Comparable Project analysis, including the Comparable Projects and the data analysis, collection and summarization.

The anticipated duration of Mr. Thomas' testimony will be 2 hours.

**Potential Rebuttal Testimony:** Mr. Thomas may testify as a Rebuttal witness to testify regarding Kiewit Engineering's work, including the LADWP's

specific requirements for coating and clarifications requested and received from LADWP regarding its coating requirements.

The anticipated duration of Mr. Thomas' rebuttal testimony will be 30 minutes.

5. **Louis Ting**: Louis Ting will be called to testify regarding the LADWP response to the HRSG delay, the request to Kiewit to complete the project by December 31, 2015, the LADWP Petition for Variance and his testimony in the hearing before the South Coastal Air Quality Management District regarding the HRSG delay, meetings between Kiewit and GE regarding the HRSG delay and the December 31, 2015 deadline, the estimated costs for acceleration work provided by Kiewit and LADWP's knowledge of the costs to accelerate and meet the December 31, 2015 deadline.

The anticipated duration of Mr. Ting's testimony will be 1 hour.

6. **Jose Gutierrez**: Mr. Gutierrez will be called to testify regarding his role as Project Manager, his direction to Kiewit to provide a recovery schedule and mitigate the HRSG delays, his direction and receipt of the Worley Parsons analysis of the schedule impacts due to the HRSG delay, his administration of the Contract, the preparation of the Petition for Variance to the South Coastal Air Quality Management District, LADWP's internal discussions regarding the schedule for the Units and his directives to Kiewit regarding the schedule for first fire of the Units.

The anticipated duration of Mr. Gutierrez' testimony will be 1 hour.

7. **Charli Dong**: Mr. Dong will be called to testify regarding the LADWP response to the HRSG delay, his directive to Kiewit to complete the project by December 31, 2015, meetings with Kiewit and GE regarding the HRSG delay and December 31, 2015 deadline, the estimates for acceleration work provided by Kiewit, the meetings with Keenan Blunt to discuss the methodology for pricing the acceleration claim, and his analysis and statements regarding the extent to which the Scattergood Project was completed ahead of schedule and under

budget.

The anticipated duration of Mr. Dong's testimony will be 1 hour.

8. **Frank Flink**: Mr. Flink will testify as the Warranty Manager for Kiewit Power Construction to explain the scope and extent of warranty work performed by Kiewit to date and LADWP's demands of extra-contractual work and equipment.

The anticipated duration of Mr. Flink's testimony will be 2 hours.

**Potential Rebuttal Testimony:** In accordance with Kiewit's Rule 26(a)(2)(C) disclosures, Mr. Flink may be called to testify as necessary in response and rebuttal to the Exponent Blowdown Report, the Steam System Report, and the ACC Report. With regard to the Steam System Report, Mr. Flink will provide rebuttal testimony regarding Kiewit's compliance with the Contract specifications, Kiewit's review of the Auxiliary Boiler Transformer failure, the nature of the Transformer failure, LADWP's prior operation of the Transformer, and the costs associated with LADWP's requested replacement parts.

With regard to the Blowdown Report, Mr. Flink will provide rebuttal testimony regarding Kiewit's compliance with the Contract requirements for the Oil Water Separator and the propriety of routing the HRSG Blowdown sump to the Oil Water Separator. Mr. Flink will also testify regarding the current status of the Plant and how excess blowdown from the defective HRSG equipment provided by LADWP's OEM Contractor is responsible for the issues experienced by LADWP.

With regard to the ACC Report, Mr. Flink will provide rebuttal testimony regarding Kiewit's response to alleged issues with the auxiliary steam system and the superheaters. Mr. Flink will testify that Kiewit's provided equipment from Precision Boiler and proposed replacement parts comply with the EPC Contract and the Watlow replacement superheaters and other replacement parts now requested by LADWP deviated from the original specifications. Mr. Flink will testify regarding the price difference between the Precision Boiler replacement parts and the Watlow

equipment requested by LADWP. Mr. Flink will also testify regarding the Pre-humidification system change order, the recent work performed by Kiewit on the ACC and Pre-humidification system, LADWP's operation of the Pre-humidification system, and the ongoing investigations by Kiewit and the ACC Supplier, Holtec.

The anticipated duration of Mr. Flink's testimony on rebuttal, if necessary, will be 2 hours.

9. **Mr. Patrick Barrett**: Mr. Barrett is Kiewit's Warranty Manager who will testify regarding work that Kiewit has performed and has offered to perform during the Warranty period related to the Counterclaims raised by LADWP in this proceeding, as well as work that LADWP has requested beyond the scope of the Contract during the Warranty Period.

The anticipated duration of Mr. Barrett's testimony will be 1 hour.

**Potential Rebuttal Testimony**: Mr. Barrett may be called as a rebuttal witnesses regarding the LADWP Counterclaims for Coatings and Corrosion and Kiewit's performance in that regard.

The anticipated duration of Mr. Barrett's rebuttal testimony will be one hour.

## WITNESSES THAT WILL ONLY BE CALLED AS REBUTTAL WITNESSES IF NECESSARY:

10. **Jason Ottens**: In accordance with Kiewit's Rule 26(a)(2)(C) disclosures, Mr. Ottens may testify in rebuttal to the Exponent Report entitled "Engineering Investigation into the Cause of the Auxiliary Boiler Transformer Failure in the Scattergood Generation Station" ("Transformer Failure Report"). Mr. Ottens will testify regarding the propriety of the Auxiliary boiler Transformer provided by Kiewit, the Root Cause Analysis of the Transformer failure and Kiewit's offer to replace the Auxiliary Boiler Transformer. Mr. Ottens will provide rebuttal testimony regarding Kiewit's investigation into the failure of the Transformer, LADWP's operation of the auxiliary boiler, and the Transformer

failure was caused by repeated through faults, which LADWP neither investigated nor appropriately addressed.

If Mr. Ottens is called to testify in rebuttal, the anticipated duration of his testimony will be 1 hour.

11. **Andrew Gardner**: In accordance with Kiewit's Rule 26(a)(2)(C) disclosures, Mr. Gardner may testify in response and rebuttal to the Exponent Report entitled "Report on the Performance of the Unit 6 and Unit 7 Air Cooled Intercooler Heat Exchangers at the Los Angeles Department of Water and Power's Scattergood Plant" ("ACHE Report") and the Daru Report regarding the replacement cost of the ACHE if such evidence is not excluded from evidence. Mr. Gardner may provide rebuttal testimony regarding the absence of a valid ACHE Performance Guarantee in Appendix H, the ACHE operations impacts on the Plant and the ACHE current performance.

If Mr. Gardner is called to testify in rebuttal, the anticipated duration of his testimony will be 1 hour.

12. **Michael Sandoval**: Mr. Sandoval may be called in rebuttal regarding the LADWP responses to the Bid Exceptions and Technical Clarifications and the responses to requests for Clarifications regarding the Contract Coating Schedule in Appendix C-8.

The anticipated duration of Mr. Sandoval's rebuttal testimony will be 1 hour.

13. **Adam Decker**: In accordance with Kiewit's Rule 26(a)(2)(C) disclosures, Mr. Decker may testify in rebuttal to the Exponent ACHE Report if such evidence is not excluded from testimony. Mr. Decker may provide rebuttal testimony regarding the operation of the ACHE and its impact upon the heat rate at the Plant, the ACHE testing, and the ACHE performance.

If called upon to testify in rebuttal, the anticipated duration of Mr. Decker's testimony will be 1 hour.

**RETAINED EXPERT WITNESSES:**

14. **William Schwartzkopf**: Mr. Schwartkopf will testify as Kiewit's Damages Expert to the opinions set forth in his Expert Report regarding his lost productivity analysis, including the measured mile and comparable work studies undertaken with the participation of Kiewit. Mr. Schwartkopf will also testify regarding the equipment costs, overtime premium costs, subcontractor cost and the use of the contract mark up provisions as set forth in his report.

The anticipated duration of Mr. Schwartzkopf's testimony is 6 hours.

15. **David Pattillo**: Mr. Pattillo will testify as Kiewit's scheduling expert regarding the opinions set forth in his Expert Report and Rebuttal Report. His testimony will include his critical path schedule analysis and quantification of delay due to the late HRSG delivery and impacts on Kiewit's work.

The anticipated duration of Mr. Pattillo's testimony is 2 hours on direct and 1 hour on rebuttal.

16. **Dr. Elisabeth Malsch, Ph.D., P.E.**: Dr. Malsch will testify to the opinions set forth in her Rebuttal Expert Report to the Exponent Report on Coatings and Corrosion.

The anticipated duration of Dr. Malsch's testimony on rebuttal will be 2 hours.

17. **Mr. Paul Way, P.E., CFI, CFEI, PI**: Mr. Way will testify regarding the opinions set forth in his Rebuttal Expert Report to the Exponent Report on the Air Cooled Heat Exchangers.

The anticipated duration of Mr. Way's testimony will be 1 hour.

Plaintiff, Kiewit Power Constructors Co., reserves the right to amend this Witness List based upon the identification of witnesses by Defendant, LADWP.

| | | |
|---|---|---|
| 1 | Dated: March_27, 2018 | Watt, Tieder, Hoffar & Fitzgerald, L.L.P. |
| 2 | | |
| 3 | | |
| 4 | | By: *\s\ Shelly L. Ewald* |
| | | David F. McPherson |
| 5 | | Shelly L. Ewald |
| | | Eric M. Liberman |
| 6 | | Attorneys for Plaintiff and Cross-Defendant, KIEWIT POWER CONSTRUCTORS CO. |