David F. McPherson, Bar No. 175171
dmcpherson@watttieder.com
Shelly L. Ewald, Bar No. 31732
sewald@watttieder.com
Rebecca S. Glos, Bar No. 210396
rglos@watttieder.com
Eric M. Liberman, Bar No. 84119
eliberman@watttieder.com
Watt, Tieder, Hoffar & Fitzgerald, L.L.P.
2040 Main Street, Suite 300
Irvine, CA  92614
Telephone: 949-852-6700
Facsimile:  949-261-0771

Attorneys for Plaintiff and Cross-Defendant
KIEWIT POWER CONSTRUCTORS CO., a
Delaware corporation

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIEWIT POWER CONSTRUCTORS CO., a Delaware corporation., <br><br> Plaintiff, <br><br> v. <br><br> CITY OF LOS ANGELES, acting by and through the DEPARTMENT OF WATER AND POWER. , <br><br> Defendant. | Case No.  2:16-cv-02590-AB-GJS <br><br> **KIEWIT POWER CONSTRUCTORS, CO.'S MOTION IN LIMINE TO EXCLUDE EVIDENCE OF ANTICIPATED OR ESTIMATED REPAIR COSTS** <br><br> Assigned for All Purposes to the Honorable:  Andre Birotte Jr. <br><br> Ctrm: 4 <br><br> Complaint Filed: April 14, 2016 <br> Trial:  May 8, 2018 |

Plaintiff KIEWIT POWER CONSTRUCTORS CO. ("Kiewit") submits its Motion in Limine to exclude any evidence offered by Defendant CITY OF LOS ANGELES, ACTING BY AND THROUGH THE DEPARTMENT OF WATER AND POWER (the "City") related to any estimated or anticipated costs to repair allegedly defective work that it seeks to recover under its warranty claim. The express terms of the warranty allows only actual costs to be recovered.  Federal Rule of Evidence 402 allows for the exclusion of such evidence as it will have no bearing

on the necessary determination of what actual costs may be recovered under the warranty.

## I. RELEVANT FACTS

This litigation arises from LADWP's breach of its contractual obligations to pay Kiewit for costs incurred as a result of delays and extra work performed under an executed contract for the design, procurement, and construction of the Scattergood Unit 3 Repowering Project, in Los Angeles, California ("Project"). (Docket Entry ["DE"] 1 at 2, ¶ 1; 66 at 12, ¶ 6.) On or about April 26, 2013, LADWP and Kiewit entered into a balance of plant contract, Agreement No. 47174-3 ("BOP Contract"). (DE 0066 at 12, ¶ 7; DE 144-10 at 47.) Under the BOP Contract, Kiewit's scope of work included design of the Combined (Units 4 and 5) and Simple Cycle Plants (Units 6 and 7), procurement and installation of the balance of plant equipment, construction, and installation of the Power Island Equipment provided by the Original Equipment Manufacturer, GE, a third party under a separate contract with LADWP. (DE 66 at 12-13, ¶¶ 7 and 9.)

Section 3.3 of the BOP Contract sets forth Kiewit's warranty obligations to the City. It states, in relevant part:

> 3.3 WARRANTY AND ERRORS AND OMISSIONS
>
> A. Warranty
>
> The Contractor warrants and guarantees that it will perform all of the Work in a good and workmanlike manner and in accordance with the Agreement Documents. When complete, the Contractor warrants and guarantees that the Work, shall be free from Defects caused by errors or omissions in design, engineering and construction, that the Work will comply in all respects with the requirements of the Agreement, and that the Work will comply with, and be capable of operation, in accordance with Laws and the guarantees in this Agreement.
>
> …
>
> After giving reasonable notice of such Defects to the Contractor, the Contractor shall proceed immediately to take action towards correcting such Defects. **If, after five (5) business days, the Contractor fails to take any action**

WATT, TIEDER, HOFFAR & FITZGERALD, L.L.P.
ATTORNEYS AT LAW
IRVINE

- 2 -

CASE NO. 2:16-CV-02590-AB-GJS
KIEWIT'S MOTION IN LIMINE –
ESTIMATED REPAIR COSTS

> **towards correcting said Defect or defective equipment, material or workmanship, LADWP shall have the right to correct or replace defective or non-conforming equipment, materials or workmanship and the Contractor shall pay LADWP the reasonable cost and expense thereof.**
>
> …
>
> **THE REMEDIES SET FORTH IN THIS SECTION 3.3 ARE THE EXCLUSIVE REMEDIES OF OWNER FOR ALL CLAIMS BASED ON FAILURE OF OR DEFECT IN THE EQUIPMENT, MATERIAL AND/OR WORKMANSHIP PROVIDED UNDER THIS AGREEMENT. THIS WARRANTY IS IN LIEU OF ALL OTHER WARRANTIES, EXPRESS OR IMPLIED, INCLUDING ANY WARRANTIES OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE.**

## II. LEGAL ARGUMENT

### A. The BOP Contract's Warranty Provision Does Not Allow For Recovery of Anticipated or Estimated Repair Costs.

Under California law, in interpreting an unambiguous contractual provision, the court must give effect to the plain and ordinary meaning of the language used by the parties. *Coast Plaza Doctors Hosp. v. Blue Cross of Cal.*, 83 Cal.App.4th 677, 684. The fundamental goal of contractual interpretation is to give effect to the mutual intention of the parties. Civ. Code, § 1636. If contractual language is clear and explicit, it governs. Civ. Code, § 1638; *see also Bank of the W. v. Superior Court* (1992) 2 Cal. 4th 1254, 1264.

Section 3.3 of the BOP Contract is unambiguous. The provision relevant to this Motion pertains to the City's right to repair non-conforming work and seek recovery of its repair costs, which states:

> After giving reasonable notice of such Defects to the Contractor, the Contractor shall proceed immediately to take action towards correcting such Defects. If, after five (5) business days, the Contractor fails to take any action towards correcting said Defect or defective equipment, material or workmanship, LADWP shall have the right to correct or replace defective or non-conforming equipment, materials or workmanship and the

WATT, TIEDER,
HOFFAR &
FITZGERALD, L.L.P.
ATTORNEYS AT LAW
IRVINE

- 3 -

CASE NO. 2:16-CV-02590-AB-GJS
KIEWIT'S MOTION IN LIMINE –
ESTIMATED REPAIR COSTS

>Contractor shall pay LADWP the reasonable cost and expense thereof. (CITE)

This provision is clearly and plainly drafted to give the City the right to recover its repair costs – and nothing else. There is no provision in the warranty allowing for the City to recover anticipated or estimated repair costs.

Furthermore, the City's remedy under this warranty provision is exclusive. Where a contract expressly provides a remedy for a breach thereof, the language used in the contract must clearly indicate an intent to make the remedy exclusive. *Nelson v. Spence* (1960) 182 Cal.App.2d 493; *Inner Shoe Tire Co. v. Tondro* (1927) 83 Cal.App. 689, 695; *Pratt-Low Preserving Co. v. Evans* (1921) 55 Cal.App. 724, 731, 204 P. 241, 244. In *Pratt-Low*, the court said: "It is significant, however, that the parties have used the term 'may,' instead of 'shall' or 'must,' and ordinarily this word implies permission, and not a mandate. If the parties had intended to make it exclusive, it would have been a simple task to so provide." *Pratt-Low*, 55 Cal.App. at 731. In contracts which have been held to contain exclusive remedies, the language used by the parties indicated, expressly, an intent to make the remedy exclusive. *See, e.g., Wheeler v. Oppenheimer* (1956) 140 Cal.App.2d 497, 499 (upholding contract limiting liability for costs and expenses actually incurred); *Artukovich v. Pacific States Cast Iron Pipe, Co.* (1947) 78 Cal.App.2d 1, 4, (upholding limitation of damages where contract stated: 'The measure of damages is the price of defective material *only*' (emphasis supplied)).[1]

The BOP Contract warranty provision states in all caps that:

>THE REMEDIES SET FORTH IN THIS SECTION 3.3 ARE THE EXCLUSIVE REMEDIES OF OWNER FOR ALL

---

[1] These types of warranty provisions are similar to limitation of liability clauses. Such agreements have been held enforceable in a variety of contexts, including construction contracts. *See Markborough Cal., Inc. v. Superior Court*, 227 Cal. App. 3d 705, 716-17 (Ct. App. 1991); *CAZA Drilling (California), Inc. v. TEG Oil & Gas U.S.A., Inc.*, 142 Cal. App. 4th 453, 475 (2006) (holding that where two equal bargainers agree on who bears the risk of economic loss in the event of a particular mishap, there is no reason for the court to intervene and remake the parties' agreement).

Watt, Tieder, Hoffar & Fitzgerald, L.L.P.
Attorneys At Law
Irvine

- 4 -

CASE NO. 2:16-CV-02590-AB-GJS
KIEWIT'S MOTION IN LIMINE –
ESTIMATED REPAIR COSTS

CLAIMS BASED ON FAILURE OF OR DEFECT IN THE EQUIPMENT, MATERIAL AND/OR WORKMANSHIP PROVIDED UNDER THIS AGREEMENT, THIS WARRANTY IS IN LIEU OF ALL OTHER WARRANTIES, EXPRESS OR IMPLIED, INCLUDING ANY WARRANTIES OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE. (CITE)

There should be no doubt that the City agreed that its warranty rights as set forth in Section 3.3 of the BOP Contract were exclusive. The parties used the term "shall" in framing their respective warranty rights and obligations. As discussed in *Pratt-Low*, the use of these terms, which are ascribed to mandatory obligations, is significant. The City's warranty remedies, therefore, were limited to two options: (1) repair by Kiewit or, if Kiewit fails or refuses to repair, (2) reimbursement by Kiewit of reasonable repair costs. There is no provision in Section 3.3 allowing the City to recover estimated or anticipated repair costs.

The submission of proof of actual costs as required by the warrant provision may also be considered a condition precedent. A condition precedent is "one which is to be performed before some right dependent thereon accrues, or some act dependent thereon is performed." Civ. Code sec. 1436. The California Supreme Court has held that "[w]hen a party has failed to fulfill a condition that was within its power to perform, it is not an excuse that the party did not thereby intend to surrender any rights under the agreement." *Platt Pacific, Inc. v. Andelson* (1993) 6 Cal.4th 307, 314, citing 5 Williston, Contracts (3d ed. 1961) § 676, pp. 219–223. "A contrary conclusion would undermine the law of contracts by vesting in one contracting party the power to unilaterally convert the other contracting party's conditional obligation into an independent, unconditional obligation notwithstanding the terms of the agreement." *Platt Pacific*, 6 Cal.4th at 314.

At trial, the City will seek costs of repairs it has not yet performed. Having not yet repaired the work, the City did not comply with the condition precedent of the warranty provisions, and its warranty claim must fail. Similarly, a party cannot avail itself of any rights under a warranty if it fails to comply with the warranty's

WATT, TIEDER, HOFFAR & FITZGERALD, L.L.P.
ATTORNEYS AT LAW
IRVINE

- 5 -

CASE NO. 2:16-CV-02590-AB-GJS
KIEWIT'S MOTION IN LIMINE –
ESTIMATED REPAIR COSTS

express requirements. *See, e.g., Pacific Pulp Molding, Inc. v. Burchfield*, 2016 WL 6103086 (S.D. Cal. Jan. 27, 2016), citing *Stearns v. Select Comfort Retail Corp.*, 2009 WL 1635931 (N.D. Cal. June 5, 2009).

### B. Federal Rule of Evidence 402 Allows The Court To Exclude Evidence of Anticipated or Estimated Repair Costs.

As argued above, any evidence of anticipated or estimated repair costs cannot support a claim under the warranty provisions of the BOP Contract. Given that the City is asserting a claim for an estimated $150,000,000, it is reasonable to assume the City would have to submit a substantial amount of evidence to support the estimates. This submission of such data would be a waste of time and effort for all the parties, Court and jury.

Federal Rule of Evidence 402 allows the court to exclude evidence of anticipated or estimated repair costs. Rule 402 states, in part: "Irrelevant evidence is not admissible." The test of relevance considers "logical" and "legal" relevance. For evidence to be logical, it must have some tendency to prove or disprove a fact. *See, United States v. Evans*, 728 F.3d 953, 961-962 (9th Cir. 2013). For evidence to be legally relevant, it must relate to a fact of consequence to the case, i.e., whether the fact that the evidence is offered to establish help in determining some issue in the case. *Bowoto v. Chevron Corp.*, 621 F.3d 1116, 1130 (9th Cir. 2010). The evidence of anticipated or estimated repair costs meets neither of these standards.

The evidence has no logical relevance. Anticipated or estimated costs do not have any tendency to demonstrate the fact of costs actually incurred, which is the contractually required precondition for recovery under the warranty provision. Similarly, the evidence has no legal relevance because anticipated or estimated costs do not support a claim under warranty provisions. In other words, evidence of anticipated or estimated costs do not help resolve Kiewit's obligation to reimburse actual costs.

The City's efforts to recover $150,000,000 from Kiewit under the warranty

WATT, TIEDER,
HOFFAR &
FITZGERALD, L.L.P.
ATTORNEYS AT LAW
IRVINE

- 6 -

CASE NO. 2:16-CV-02590-AB-GJS
KIEWIT'S MOTION IN LIMINE –
ESTIMATED REPAIR COSTS

provision will be lengthy, complex and completely unnecessary. Estimated or anticipated repair costs are not recoverable under the warranty provision, and thus any evidence of estimated costs would be irrelevant under Federal Rule of Evidence 402. The Court may, and should, exclude this evidence.

## III. CONCLUSION

The City is seeking an estimated $150,000,000 in repair costs from Kiewit under the warranty provision of the BOP Contract. The City's only comments during opening statement regarding this point is its argument that that the City can't do the work until Kiewit provides a design, which is completely contrary to the whole point of the provision, i.e. the City does the work with their own vendors and contractors and then pursue recovery of the costs, whatever those may be, as long as reasonable. However, the BOP Contract unambiguously states that Kiewit is only liable for performing the work itself or reimbursing the City's reasonable repair costs. At trial, the City intends to present evidence of its anticipated or estimated repair costs. The Court should exclude all such evidence as it is irrelevant to what the City can recover under the warranty provision. Additionally, the length of time the City would need to present the irrelevant evidence would be lengthy, and the Court and all parties would be better served if the City was limited to presenting only evidence of actual costs incurred. For the foregoing reasons, Kiewit respectfully requests that this motion in limine be granted.

Dated: May 24, 2018     Watt, Tieder, Hoffar & Fitzgerald, L.L.P.

By:/s/ *David F. McPherson*
David F. McPherson
Shelly L. Ewald
Rebecca S. Glos
Eric M. Liberman
Attorneys for Plaintiff and Cross-Defendant
KIEWIT POWER CONSTRUCTORS CO.

VA 11373750.1 001204.00085